[No. 47. First Appellate District.—September 19, 1905.]

## MARY L. PARSONS, Respondent, v. LOUISA SILVA, and FRANK SILVA, Appellants.

CONTRACT TO REMOVE MORTGAGE-LIEN—ACTION FOR BREACH—SUF-
FICIENCY OF COMPLAINT.—A complaint in an action upon a contract
executed by a husband and wife to remove a mortgage-lien, which
alleges that the mortgage was fraudulently executed by the husband
under a power of attorney from plaintiff executed for a different
purpose, that he appropriated the proceeds to his own use, that
the contract was executed to prevent legal proceedings by plaintiff
against the husband, that the contract was broken, and that plain-
tiff's title was lost under foreclosure of the mortgage, and claiming
damages for its alleged value, states a cause of action.

ID.—CONSIDERATION—FORBEARANCE—MONEY RECEIVED AND APPROPRI-
ATED.—The complaint shows a sufficient consideration for the con-
tract sued upon, both in the agreement to forbear legal proceedings
against the husband in regard to the iniquitous transaction alleged
and to the money received and appropriated by the husband to his
own use.

ID.—SUPPORT OF FINDINGS—RESPONSIBILITY OF HUSBAND—CONFLICTING
EVIDENCE.—Where there is evidence tending to support all of the
findings for the plaintiff, and the evidence was substantially con-
flicting as to whether the husband or an attorney associated with
him in business, and who prepared the papers, received the money,
but the testimony of the latter, that he received the check and
that the money was immediately turned over to the defendant
husband, taken in connection with the fact that defendants by
signing the contract sued upon acknowledged the husband's liability
to remove the mortgage-lien, amply sustains the finding for plaintiff
on that question.

ID.—LEGAL LIABILITY OF PLAINTIFF ON MORTGAGE—EQUITABLE LIA-
BILITY OF DEFENDANT.—It is immaterial whether plaintiff by giving
a power of attorney to raise funds on mortgage to carry on an ap-
peal, if taken, and not to be used unless the appeal was taken, of
which notice to the contrary was given, made herself legally liable
to the mortgagee. It is sufficient that as between herself and her
attorney in fact she was not in equity bound by it, but he was, and
acknowledged himself to be so bound by executing the agreement
sued upon.

APPEAL from a judgment of the Superior Court of Ala-
meda County. S. P. Hall, Judge.

The facts are stated in the opinion of the court.

E. A. Holman, and Judson M. Davis, for Appellants.

David Mitchell, Robert L. McKee, and N. J. Donovan, **for** Respondent.

COOPER, J.—Appeal from judgment on a bill of exceptions.

The amended complaint alleges in substance: That on the twenty-first day of December, 1895, the plaintiff was the owner of a tract of land described in the complaint of the value of six hundred dollars, upon which she desired to secure a loan of five hundred dollars for the purpose of enabling her to appeal to the supreme court from a judgment rendered against her in the superior court of Alameda County; that she consulted defendant Frank Silva, who was acting as a loan agent, in regard to obtaining a loan upon the said real estate, and at Silva's request and by his advice she executed an instrument, making him her attorney in fact for the purpose of executing a mortgage upon the property and securing the loan, and at the same time plaintiff delivered to Silva her title papers; that it was the agreement that the money should not be borrowed, nor the mortgage executed, except for the purpose of obtaining money by which plaintiff could carry on the contemplated appeal, and if plaintiff should subsequently decide to abandon the appeal the defendant, Silva, was not to proceed further with the loan; that subsequently, on the twenty-fourth day of January, 1896, the plaintiff decided to abandon the contemplated appeal and so notified Silva, and demanded of him that the power of attorney be canceled and her title papers surrendered, but Silva stated to plaintiff that he could not find the power of attorney nor the title papers; that prior to January 24, 1896, said Silva had, under the said power of attorney, and without plaintiff's knowledge, executed a note and mortgage upon said land to one Rauer for five hundred dollars, which sum defendant Silva received and appropriated to his own use, no part of which was received by plaintiff; that the mortgage and power of attorney were not placed of record until about six months after the mortgage was executed, and plaintiff then for the first time discovered the fact, and thereupon immediately went to defend-

ant Frank Silva for an explanation, and he denied that he ever executed the note and mortgage, or that he ever received the five hundred dollars, or that he knew anything about the placing of the power of attorney or mortgage upon record; that afterwards, when threatened with legal proceedings by plaintiff, in order to satisfy her and to get her to forbear such contemplated proceedings, defendants, who are husband and wife, executed an agreement in writing of which the following is a copy, to wit:—

"Whereas, I, Frank Silva, some time ago was appointed under power of attorney to act for M. L. Parsons in respect of certain property situate in Tulare County, being a ranch there claimed by her, and whereas said power of attorney authorized F. Silva to borrow certain money to carry on an appeal by said M. L. Parsons to the Supreme Court, and whereas Mrs. Parsons notified said Silva not to proceed further in respect of said appeal, and also notified one Burris therein acting as counsel and adviser; And whereas it now appears on record against said property a mortgage for $500.00, it is hereby declared by said Silva that no such sum was ever raised or paid to him either personally or as acting under said power of attorney or otherwise; and that if said mortgage exists, or is recorded as aforesaid, same is in fraud, and void for want of consideration and authority. Be it therefore witnessed, that we, the undersigned, do jointly and severally guarantee to said M. L. Parsons (in consideration that she is in no way responsible for same) to investigate and clear from the records said mortgage in order that she may be in the same position in respect of said property as when she granted said power of attorney to said Silva; and we will pay Mr. Mitchell all his charges for attorney fees and costs of clearance.

"Witness our hands and seal this 16th day of September, 1896.

"FRANK SILVA.

"LOUISA SILVA."

That plaintiff relied upon defendants to carry out said contract and clear the records of said mortgage, all of which they failed to do, and by reason of said failure the said mortgage was foreclosed, and the said property sold and lost to

plaintiff without any fault on her part; that defendants have never redeemed said property, nor restored it to plaintiff, nor paid her its value or any sum or at all; that by reason of the said failure of defendants to keep the said contract and clear the records of said mortgage, as they agreed to do, plaintiff has lost her property and been damaged in the sum of six hundred dollars.

The demurrer was properly overruled. The consideration for the agreement was that plaintiff would forbear to institute legal proceedings in regard to an iniquitous transaction by Frank Silva, the husband of defendant Louisa Silva; and not only this, but the money which Frank Silva had received and appropriated to his own use was a consideration for the agreement.

The findings are supported by the evidence. It may be that Burris, who was associated with defendant Frank Silva in business, and who prepared the papers, appropriated the money and that Frank Silva did not receive any part of it, but as to this the evidence is squarely in conflict. Burris testified that he received the check, and "the money was immediately turned over to Mr. Silva." Taking the testimony of Burris in connection with the fact that defendants, by signing the written agreement, practically acknowledged the liability of defendant Frank Silva, the finding of the court is amply supported. The question as to whether or not plaintiff was responsible for the mortgage is immaterial. She had made herself responsible to the mortgage by executing the power of attorney. As between herself and defendant Frank Silva she was not responsible for it,—that is, she was not in equity bound for it, but Silva was, and acknowledged himself to be so bound by executing the agreement.

The judgment is affirmed.

Harrison, P. J., and Hall, J., concurred.